IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DERRICK ANTHONY FLYNN, JR.                                              PLAINTIFF

v.                              Case No. 4:23-cv-4072

REESE LUNSFORD, Dentist,
Ashdown Dental                                                          DEFENDANT

## ORDER

On July 18, 2023, Plaintiff Derrick Anthony Flynn, Jr., a prisoner, filed this *pro se* civil rights matter pursuant to 42 U.S.C. § 1983. (ECF No. 1). Before the Court is Plaintiff's failure to comply with orders of the Court.

This matter was originally filed in the Eastern District of Arkansas. (ECF No. 1). On July 28, 2023, venue was transferred to this District pursuant to 28 U.S.C. § 1406(a). (ECF No. 5). On August 4, 2023, Magistrate Judge Barry Bryant entered an order granting Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 8). In that Order, Plaintiff was directed to update the Court within 30 days of any change in address. The Order warned Plaintiff that failing to update his address would result in the dismissal of his case. *Id.* That same day, after identifying potential legal and factual deficiencies in the original complaint, Judge Bryant ordered Plaintiff to submit an amended complaint by no later than August 28, 2023. (ECF No. 9). That order was returned as undeliverable. (ECF No. 13).

After the deadline for filing an amended complaint passed without any response from Plaintiff, Judge Bryant ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the court's orders. (ECF No. 14). The show cause response was due on

September 26, 2023.  *Id.*  This Order was also returned as undeliverable.  (ECF No. 15).  The September 26, 2023 deadline has passed, and Plaintiff has not responded.  In fact, Plaintiff has not communicated with this Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court orders.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of October, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge